## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON

JEFFREY WAYNE STEWART,

      Petitioner,

v.                             **Case No. 2:15-cv-07650**

DAVID BALLARD, Warden,
Mount Olive Correctional Complex,

      Respondent.

### PROPOSED FINDINGS AND RECOMMENDATION

On June 12, 2015, the Clerk's Office received and docketed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 2), filed by Jeffrey Wayne Stewart (hereinafter "the petitioner"). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the respondent's Motion to Dismiss for Failure to Exhaust State Court Remedies (ECF No. 13).

### PROCEDURAL HISTORY OF PETITIONER'S CASE

#### *The petitioner's criminal proceedings*

On December 9, 2004, the petitioner, who is presently incarcerated at the Mount Olive Correctional Complex in Mount Olive, West Virginia, was convicted on two counts

of second-degree murder by a jury in the Circuit Court of Braxton County, West Virginia.[1]
(ECF No. 14, Ex. 1 at 1; Ex. 2).  On February 8, 2005, the petitioner was sentenced to serve
two consecutive forty-year sentences for a total of eighty years in prison. (*Id.*, Ex. 1 at 2).

### *The petitioner's direct appeal*

On September 14, 2005, the petitioner filed a Petition for Appeal in the Supreme
Court of Appeals of West Virginia (hereinafter the "SCAWV").  The petition for appeal
asserted:  (1) that the trial court erred by denying the petitioner's request for a mistrial
after one of the State's witnesses referenced the petitioner's refusal to submit to a
polygraph; and (2) that the trial court erred when it failed to acquit him at the close of the
State's case-in-chief based on insufficient evidence to support his convictions, while there
was sufficient evidence of self-defense.  (*Id.*, Ex. 3).  The Petition for Appeal was refused
on January 11, 2006.  (*Id.*, Ex. 4).

### *The petitioner's state habeas corpus proceedings*

On November 16, 2006, the petitioner, who was then incarcerated at the Tygart
Valley Regional Jail, filed a *pro se* Petition for a Writ of Habeas Corpus in the Circuit
Court of Randolph County, which was subsequently transferred to the Circuit Court of
Nicholas County and assigned Case No. 06-C-185.  (*Id.*, Exs. 5 and 6).  In the *pro se*
petition, the petitioner raised the following grounds for relief:

1. Ineffective Counsel – Mr. Callaghan could not apply or devote his
time to my case due to the fact that he was traveling in and out of
town with his wife because of special treatment for his son.  They
would travel to Philadelphia, PA.  Please see attached copies on back.

---

[1]  The petitioner was indicted, along with two co-defendants, in the Circuit Court of Nicholas County.  The
charges arose out of the shooting deaths of Michael Murphy and Travis Painter outside a mobile home on
White Water Road in Nicholas County on December 31, 2003.  The Circuit Court granted the petitioner's
motion for a change of venue, and the petitioner was ultimately tried in Braxton County, which is within
the jurisdiction of the United States District Court for the Northern District of West Virginia.  However,
because the charges arose in a county that is within the jurisdiction of the United States District Court for
the Southern District of West Virginia, this court appears to be the court with proper jurisdiction and venue.

2.      Ineffective Counsel/Jurors all knew about case or had ties – Juror Hoover/Dennison have relations or ties in law enforcement which would cause bias or prejudice judgment/Juror Frame['s] cousin is Deputy Sheriff in Upshur Co./Walter Shafer the lead investigating officer refereed Juror Rose['s] children in football games/Juror Boyce['s] son sometimes worked with the prosecutor's office at different times.

3.      Ineffective Counsel – Mr. Callaghan didn't even rebut the fact that Mr. Painter was killed by a .22 cal. Pistol which was the weapon that Eric Foster was carrying.  Also, the medical examiner testified that the fatal shot came from a single shot to the face from a .22 cal. Pistol.

4.      Denial of right to appeal – The Petition for Appeal was refused 1/11/06 by a vote of 5-0.  I don't feel they even looked at my appeal.

(*Id.*, Ex. 6).

On May 25, 2010, the petitioner, acting *pro se*, filed an Amended Petition for Writ of Habeas Corpus, which challenged the jury instruction given on malice and the failure to give instructions on voluntary manslaughter and self-defense that were consistent with the instruction concerning an inference of malice.  The petitioner asserted that these jury instructions relieved the State of its burden to prove malice in order to satisfy the elements of second-degree murder.  The petitioner further contended that his counsel provided ineffective assistance because he failed to object to the allegedly deficient jury instructions.  (*Id.*, Ex. 8).

On January 3, 2013, the petitioner filed yet another *pro se* Amended Petition for Writ of Habeas Corpus, which alleged the following claims for relief:

1.      Improper grand jury testimony;
2.      Prosecutorial misconduct in opening statements;
3.      Petitioner's confrontation rights were violated;
4.      Denial of fundamental fairness by the State's knowing use of false evidence at trial;
5.      Defense counsel error rendered the petitioner's trial fundamentally unfair [by eliciting testimony that resulted in the polygraph reference];
6.      Constitutionally deficient jury instructions;

7.      Evidence was [in]sufficient to support the conviction for second-degree murder;

8.      Counsel was ineffective for failing to object to the prosecutor's improper and misleading comments to the jury [asserting that the petitioner shot victim Murphy in the back as he was going down – indicating that a second shot was fired and negating self-defense];

9.      Counsel was ineffective for failing to object to unconstitutional testimony at trial [of Deputy Shafer concerning the hole in victim Murphy's jacket being from a shotgun blast] and failing to object to constitutionally deficient self-defense instruction;

10.    Counsel rendered ineffective assistance by the collective impact of attorney errors [failure to investigate, object, and argue the constitutional violations addressed herein].

(*Id.*, Ex. 9).  During this time period, three different attorneys were appointed to represent the petitioner in his habeas corpus proceedings in the Circuit Court.

On March 27, 2013, the petitioner, by counsel, Adrian Hoosier, supplemented his Amended Petition with the following grounds for relief:

1.      The State gained its indictment through illegal means in improperly influencing the grand jury;

2.      Prosecutorial misconduct by: improper grand jury influence, improper opening statement, improper closing statement and use of false testimony;

3.      Ineffective assistance of counsel by failure to:  object to prosecutorial misconduct, challenge indictment, investigate, procure expert, call witness, properly voir dire jury, include battery instruction, call mitigation witnesses, call witnesses at sentencing, have petitioner properly evaluated, object on hearsay grounds, object to State's use of false evidence, and for "opening the door" to the petitioner's polygraph result;

4.      Violation of Confrontation Clause to the U.S. and W. Va. Constitutions;

5.      Errors with jury instructions; and

6.      Insufficient evidence to convict

(*Id.*, Ex. 10).

An evidentiary hearing was convened on May 16, 2013, during which the petitioner and his counsel went through a list of grounds which he was potentially raising and those he was waiving, pursuant to the holding of the SCAWV in *Losh v. McKenzie*, 277 S.E.2d

4

606 (W. Va. 1981) (hereinafter "*Losh* list")  (*Id.*, Ex. 11 at 5-12).  After the hearing, the petitioner, by counsel, filed a Memorandum in Support of Petitioner's Request for Habeas Corpus Relief, which addressed the following claims:

1. Improper influence on the grand jury;
2. Prosecutorial misconduct;
3. Violation of the Confrontation Clause;
4. State's known use of false evidence/testimony;
5. Ineffective assistance of counsel by:  opening the door to the petitioner's polygraph result; failure to object to prosecutorial misconduct; failure to challenge indictment; failure to investigate; failure to procure expert; failure to call witnesses; failure to properly voir dire jury; failure to include battery instruction; failure to call mitigation witnesses/failure to call witnesses at sentencing; failure to have the petitioner properly evaluated; failure to object to State's use of false evidence;
6. Constructional violations in jury instructions [instruction on self-defense]; and
7. Insufficiency of evidence [trial court erred in denying motion for acquittal].

(*Id.*, Ex. 12).

On February 27, 2014, the Circuit Court issued a Final Order Denying Writ of Habeas Corpus and Dismissing Case, which included its findings of fact and conclusions of law.  (*Id.*, Ex. 1).

On March 26, 2014, the petitioner, by counsel, filed a Petition for Appeal concerning the denial of his Amended Petition.  (*Id.*, Ex. 7).  The petitioner's Appellate Brief was limited to only certain claims of ineffective assistance of counsel, as follows:

1. Trial counsel failed to move for dismissal of indictment;
2. Trial counsel failed to object to false statements and introduction of crime scene evidence;
4. Trial counsel failed to call an expert [on ballistics/blood splatter];
5. Cumulative errors of trial counsel:
    (A) Failure to prepare for cross-examination of State's expert
    (B) Multiple failures to object
    (C) Failure to raise concerns of prosecutor's misconduct
    (D) Failure to retain expert witness to bolster self-defense strategy
    (E) Failure to question statements made by prosecutor

(F)     Failure to challenge indictment
(G)     Failure to call witnesses
(H)     Failure to offer mitigation witnesses/evidence
(I)     Failure to prepare for sentencing
(J)     Failure to properly evaluate the petitioner
(K)     Failure to present diminished capacity defense

(*Id.*, Ex. 13).  On February 9, 2015, the SCAWV issued a Memorandum Decision finding

as follows:

> Upon our review and consideration of the circuit court's order, the parties'
> arguments, and record submitted on appeal, we find no error or abuse of
> discretion by the circuit court.  Our review of the record supports the circuit
> court's decision to deny petitioner post-conviction habeas corpus relief
> based on the errors he assigns on appeal, which were also argued below.
> Indeed, the circuit court's order includes well-reasoned findings and
> conclusions as to all of the assignments of error raised herein.  As such, we
> hereby adopt and incorporate the circuit court's findings and conclusions
> and direct the Clerk to attach a copy of the circuit court's February 27, 2014,
> "Final Order Denying Writ Of Habeas Corpus And Dismissing Case" to this
> memorandum decision.  For the foregoing reasons, we affirm.

(*Id.*, Ex. 14).

### *The petitioner's section 2254 petition*

The petitioner filed the instant section 2254 petition on June 12, 2015, raising the

following grounds for relief:

1.     The petitioner was denied due process of law as secured by the Fifth
and Fourteenth Amendments to the Constitution of the U.S.A. when
the trial court refused to grant a mistrial after a State witness testified
that he had asked the petitioner to take a polygraph test.

2.     The State Court denied the petitioner due process of law as secured
by the Fifth and Fourteenth Amendments to the Constitution of the
U.S.A. when the Circuit Court denied the petitioner's Motion for
Acquittal at the conclusion of the State's case-in-chief.

3.     The State Court denied the petitioner due process of law as secured
by the Fifth, Eighth and Fourteenth Amendment to the Constitution
when the Circuit Court imposed a forty (40) year sentence upon the
petitioner for the homicide of Travis Painter.

4.    The petitioner was effectively denied his right to appellate review of his petition for post-conviction habeas corpus when the tribunal which ruled on the petition for appeal included Chief Justice Margaret L. Workman, who had previously served as the petitioner's co-defendant's appellate attorney.

5.    The petitioner was denied a fair and impartial jury, a fair sentencing process, and the effective assistance of counsel as secured by the First, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the U.S.A. by trial counsel's acts of omission and commission.

The following specific claims of ineffective assistance of counsel are derived from the section 2254 petition:

(A)    Counsel should have requested co-counsel because it was his first murder trial and because he was distracted by the issue of his son's health problems.

(B)    Failure to request/retain a firearms/ballistics expert

(C)    Failure to request a voluntary manslaughter instruction (based on mutual combat)

(D)    Denied objective evaluation of counsel's performance because the same counsel represented him on appeal

(E)    Failure to call the petitioner's co-defendant Eric Foster as a witness at trial

(F)    Failure to object to the State's closing argument (which prohibited asserting any related claim on appeal)

(G)    Failure to object to consecutive 40 year sentences when there were factors about the victims that warranted a disparity in sentencing; sentences were disproportionate to the crimes

6.    The petitioner was denied a fair and impartial jury trial as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the Constitution when the jury was not instructed on an essential element of Murder in the Second Degree.

(ECF No. 2).

On April 7, 2016, the undersigned entered an Order directing the respondent to file a response to the section 2254 petition.  (ECF No. 9).  On July 29, 2016, the respondent

filed an Answer/Response to the section 2254 petition (ECF No. 12), a Motion to Dismiss for Failure to Exhaust State Court Remedies (ECF No. 13), and a Memorandum in support thereof (ECF No. 14), with thirteen exhibits attached thereto.

On August 15, 2016, the petitioner filed a "Reply" to the respondent's Motion to Dismiss (ECF No. 15). In his Reply, the petitioner asserts that the court should construe his section 2254 petition to have raised only one ground for relief - that is that he is "in custody in violation of the constitution or laws and treaties of the United States" - and that his individual assertions of error therein should be considered arguments in support of that claim. His Reply further attempts to demonstrate that he has exhausted Grounds Three, Four, Five and Six of his section 2254 petition or, in the alternative, requests that the court find that there is an absence of state corrective process that should excuse his failure to exhaust Ground Four. (*Id.* at 14-15).

## ANALYSIS

### *Exhaustion of State Court Remedies*

Section 2254(b)(1)(A) of Title 28 of the United States Code, states that a petition for a writ of habeas corpus filed in a federal district court by a prisoner in state custody shall not be granted, unless it appears that the applicant has exhausted the remedies available in the state courts, or if the state has waived the exhaustion requirement. 28 U.S.C. §§ 2254(b)(1)(A), (b)(3). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also Beard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (Exhaustion requires the habeas petitioner to "fairly present the substance of his claim to the state's highest court.")

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling to the SCAWV. *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D.W. Va. 1995); *McDaniel v. Holland*, 631 F. Supp. 1544, 1545 (S.D.W. Va. 1986). A petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV that is denied with prejudice following a determination on the merits will also exhaust the prisoner's state court remedies. *See Moore*, 879 F. Supp. at 593; *McDaniel*, 631 F. Supp. at 1546; *see also, Meadows v. Legursky*, 904 F.2d 903, 908-909 (4th Cir. 1990) (*abrogated on other grounds, Trest v. Cain*, 522 U.S. 87 (1997)).

Additionally, the petitioner must show that the claims he raised in state proceedings are the same as the claims he now seeks to raise in his federal habeas proceeding. *See Pitchess v. Davis*, 421 U.S. 482, 487 (1975); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). The claims in both courts must "fairly present" the "substance" of the claim, based upon the same factual grounds, and must allege that the same federal constitutional right was violated. *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

The respondent's Motion to Dismiss asserts that the petitioner's section 2254 petition is a "mixed petition," containing both exhausted and unexhausted claims.[2] Specifically, the respondent contends that at least three of the ineffective assistance of

---

[2]  The undersigned notes that the respondent's Memorandum of Law does not address Grounds One and Two of the section 2254 petition and, therefore, suggests that the respondent is not challenging the exhaustion of those claims. It appears to the undersigned that Grounds One and Two were colorably exhausted in the petitioner's direct appeal, despite the fact that they were largely raised as matters of trial court error therein. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Grounds One and Two of the petitioner's section 2254 petition are exhausted.

counsel claims raised in Ground Five of the petitioner's section 2254 petition are not exhausted because they were not raised in the petitioner's state habeas appeal. Additionally, the respondent asserts that the claims raised in Grounds Three, Four and Six of the petitioner's section 2254 petition were not previously raised at all in the petitioner's direct appeal or his habeas corpus proceedings.

Before addressing each of these claims in turn, the undersigned proposes that the presiding District Judge **FIND** that the petitioner's contention that he is raising **one** ground for relief consisting of being "in custody in violation of the constitution or laws and treaties of the United States," and that each of his individual contentions is "argument" in support of that claim, is meritless. Under such a theory, every habeas petitioner would be able to cite to the standard contained in 28 U.S.C. § 2254(d) as their sole ground for relief and then raise as many claims as they wish in support thereof, whether or not such claims were exhausted in the state courts. That theory would render meaningless the exhaustion requirement imposed by Congress when section 2254(b)(1) was enacted.

Accordingly, the presiding District Judge should reject this argument and review the exhaustion of each of the petitioner's six grounds for relief, and any sub-parts therein, individually. Having already found that the petitioner has colorably exhausted Grounds One and Two, the undersigned now turns to a discussion of the remaining grounds in the section 2254 petition.

### *Ground Three*

In Ground Three of his section 2254 petition, the petitioner asserts that his rights under the Fifth, Eighth and Fourteenth Amendments were violated when the Circuit Court imposed a forty (40) year sentence upon him for the homicide of Travis Painter.

(ECF No. 1 at 9).  As correctly noted by the respondent, the petitioner did not specifically raise this claim in his state court proceedings and, thus, it has not been "fairly presented" to the state courts.  The respondent's Memorandum of Law states:

> While the Petitioner initialed this issue on his *Losh* list, he presented no facts or legal arguments to support the claim.  In its Final Order, the circuit court reasoned that "Petitioner had a full opportunity to present evidence on each of his grounds for relief but failed to produce any evidence" on many of [the] grounds identified on his *Losh* list, including the excessive sentence claim.  Because he failed to "fairly present" his excessive sentence claim, the circuit court correctly denied the same as a ground for habeas relief.  What is more, the constitutionality of his sentence was never challenged in his direct appeal, nor raised in his appeal of the circuit court's Final Order denying his request for habeas relief.

(ECF No. 14 at 9-10).

The petitioner's Reply appears to bootstrap this ground for relief to his claims concerning the sufficiency of evidence and instructional error (claims that were raised before the state's highest court), suggesting that "[a]ny criminal sentence would violate a petitioner's constitutional rights when the evidence presented at trial is insufficient to enable the jury to find each and every element of the offense beyond a reasonable doubt," and "when the jury is not properly instructed as to each and every element of the offense . . . ."  (ECF No. 15 at 4).  However, the Reply does not rebut the respondent's assertion that the petitioner failed to present any evidence or argument concerning this claim at his evidentiary hearing and that he did not raise this specific claim in either his direct appeal or his state habeas appeal.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner has failed to properly exhaust Ground Three of his section 2254 petition.

### *Ground Four*

In Ground Four of his section 2254 petition, the petitioner contends that he was "denied his right of appellate review" of the denial of his state habeas corpus petition when Justice Margaret L. Workman, who represented the petitioner's c0-defendant, Eric Foster, in his direct appeal, did not recuse herself and sat on the panel that rendered his habeas appeal decision. (ECF No. 1 at 11). The respondent asserts that the petitioner has conceded that he raised no variation of this claim in his state court proceedings. (ECF No. 14 at 10).

The petitioner's Reply contends that his habeas counsel did not request that Justice Workman recuse herself, and further contends that, because this issue arose in his state habeas appeal, with Justice Workman serving as Chief Justice, he has "no viable state court remedy." Thus, citing to 28 U.S.C. § 2254(b)(1)(B)(i), he asserts that the court should find that there is "an absence of available State corrective process" with respect to this claim, which should satisfy or negate the exhaustion requirement. (ECF No. 15 at 8-9, 14-15).

Claims alleging violations or errors in state habeas corpus proceedings are not cognizable in federal habeas corpus proceedings. *See Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988); *Wright v. Angelone*, 151 F.3d 151, 159 (4th Cir. 1998) ("[A] challenge to Virginia's state habeas proceedings cannot provide a basis for federal habeas relief."); *see also Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir.), *cert. denied*, 495 U.S. 936 (1990) ("[A]n infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition."); *Vail v. Procunier*, 747 F.2d 277, 278 (5th Cir. 1984) ("Infirmities in state habeas corpus proceedings do not constitute grounds for federal habeas relief.") Consequently, the petitioner's claim of an infirmity

in his state habeas appeal because Justice Workman sat on the appellate panel therein is not cognizable in this federal habeas corpus proceeding. Furthermore, to the extent that the petitioner is asserting that his habeas counsel, Mr. Hoosier, was ineffective in failing to request that Justice Workman recuse herself, section 28 U.S.C. § 2254(i) specifically provides that claims of ineffective assistance of counsel in habeas proceedings are also not a cognizable ground for relief in a federal habeas petition. *See* 28 U.S.C. § 2254(i).

Therefore, notwithstanding the petitioner's failure to exhaust this claim, the undersigned proposes that the presiding District Judge **FIND** that Ground Four of the petitioner's section 2254 petition should be dismissed pursuant to 28 U.S.C. § 2254(b)(2), and not considered as part of the exhaustion analysis.

<u>*Ground Five*</u>

In Ground Five of his section 2254 petition, the petitioner asserts the following claims of ineffective assistance by his trial counsel, Stephen O. Callaghan:

(A)   Counsel should have requested co-counsel because it was his first murder trial and because he was distracted by the issue of his son's health problems.

(B)   Failure to request/retain a firearms/ballistics expert

(C)   Failure to request a voluntary manslaughter instruction (based on mutual combat)

(D)   Denied objective evaluation of counsel's performance because the same counsel represented him on appeal

(E)   Failure to call the petitioner's co-defendant Eric Foster as a witness at trial

(F)   Failure to object to the State's closing argument (which prohibited asserting a claim on appeal)

(G)   Failure to object to consecutive 40 year sentences when there were factors about the victims that warranted a disparity in sentencing; sentences were disproportionate to the crimes

(ECF No. 1 at 17-20).  The respondent asserts that sub-parts (A), (C) and (G) were not fully asserted and addressed on the merits in the petitioner's state proceedings and, thus, are unexhausted.  (ECF No. 14 at 11).

Specifically, concerning sub-part (A), the respondent contends that, although the petitioner's claims concerning his counsel's inexperience and family obligations were asserted in his initial *pro se* habeas petition, those issues were not addressed in his habeas appeal and, thus, were not properly exhausted.  (*Id.*)  Concerning sub-part (C), asserting that Mr. Callaghan failed to request a voluntary manslaughter instruction based upon mutual combat, the respondent contends as follows:

> While the Petitioner challenged the malice instruction and its impact on his manslaughter instruction, where provocation is concerned, in one of his amended petitions, the issue was not raised in the context of the ineffective assistance of counsel, nor raised in his appeal of the circuit court's Final Order.

(*Id.*)  Finally, concerning sub-part (G), asserting that Mr. Callaghan failed to object to the imposition of consecutive 40 year sentences, the respondent contends that claim was never raised at all in the state courts.  (*Id.*)[3]

Before addressing these three sub-parts, the undersigned will first address the petitioner's claim in sub-part (D), in which he asserts that, because Mr. Callaghan represented him both at trial and in his direct appeal, he was denied an objective evaluation of trial counsel's performance.  The petitioner also discusses this issue in his Reply, stating that "Mr. Callaghan did not allege ineffective assistance of counsel in the petition for appeal."  In support of this contention, the petitioner cites two Supreme Court

---

[3] The undersigned notes that Judge Johnson's Final Order acknowledged that the petitioner had initialed both "sentence more severe than expected" and "excessive sentence" as grounds he intended to raise in his *Losh* list; however, Judge Johnson further noted that no evidence or argument thereon was presented by the petitioner at the evidentiary hearing or in his written submissions.  (ECF No. 14, Ex. 1 at 29-30).

cases recognizing that "an attorney who handles both trial and appeal is unlikely to raise an ineffective assistance of counsel claim against himself." *Kimmelman v. Morrison*, 477 U.S. 365, 383-387 (1986); *Massaro v. U.S.*, 538 U.S. 500, 502-03 (2003).

Notwithstanding this premise, to the extent that the petitioner is asserting that Mr. Callaghan's representation of him both at trial and in his <u>direct</u> appeal denied him the ability to raise claims of ineffective assistance of counsel, such an argument is not persuasive for two reasons.  First, generally, the SCAWV will not review claims of ineffective assistance of counsel raised in a direct appeal; rather, such claims are usually reserved for review in collateral habeas corpus proceedings where the record can be further developed.  Second, because the petitioner was able to raise claims of ineffective assistance of counsel at the circuit court level of his habeas corpus proceedings, where he was represented by different counsel, his argument that counsel would not raise claims against himself is rendered meritless.  Accordingly, it is subject to dismissal under 28 U.S.C. § 2254(b)(2), which provides as follows:

> An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254(b)(2).

In his circuit court habeas corpus proceedings, the petitioner had the opportunity to assert and pursue whatever claims of ineffective assistance of counsel he and Mr. Hoosier believed were warranted and to present evidence thereon in an evidentiary hearing.  Thereafter, he was permitted to pursue any or all of those claims on appeal. Thus, the undersigned proposes that the presiding District Judge **FIND** that sub-part (D) of Ground Five of his section 2254 petition does not state a viable claim of ineffective

assistance of counsel and should be dismissed under section 2254(b)(2), and not considered as part of the exhaustion analysis.

The petitioner's Reply further contends that, during his circuit court habeas corpus proceedings, Mr. Hoosier raised 14 specific acts of omission by Mr. Callaghan that were considered by the court, and that, to the extent those claims were also raised in his habeas appeal, the SCAWV subsequently adopted the circuit court's findings.  (ECF No. 15 at 9-11).  Thus, the petitioner contends that he has "fairly presented his ineffective assistance of counsel claims to the state's highest court and should be permitted to proceed thereon. (*Id.* at 10).

Upon an exhaustive review of the petitioner's state court filings submitted in the record of this court, and particularly the SCAWV's decisions in the petitioner's direct appeal and his habeas appeal, the undersigned proposes that the presiding District Judge **FIND** that the petitioner has failed to properly exhaust sub-parts (A), (C) and (G) of Ground Five of his section 2254 petition.  The undersigned further proposes that the presiding District Judge **FIND** that sub-parts (B), (E) and (F) raised in Ground Five have been colorably exhausted.  However, the undersigned further proposes that the presiding District Judge **FIND** that, notwithstanding non-exhaustion, sub-part (D) lacks merits and should be dismissed pursuant to 28 U.S.C. § 2254(b)(2).

### *Ground Six*

In Ground Six of his section 2254 petition, the petitioner alleges that his rights under the Fifth, Sixth and Fourteenth Amendments were violated because the jury was not properly instructed on an essential element of second degree murder.  Specifically, the petitioner contends that the trial court did not include the term "willfully" in its

instruction on second degree murder, and that the evidence did not support a finding that he acted with the requisite intent to commit that crime. (ECF No. 2 at 20-23).

The respondent contends that the petitioner did not challenge the second degree murder instruction at any point in his state habeas corpus proceedings (or in his direct appeal). The respondent's Memorandum of Law further states:

> The Petitioner raised a number of challenges to other jury instructions during his state habeas proceedings. For instance, he challenged the manslaughter and self-defense instruction based on the trial court's alleged failure to define "malice." (Resp't's Ex. 8). In his first amended petition, the Petitioner argued that the trial court's self-defense instruction was deficient due to an incorrect statement of law concerning the "defense of another" and the right to "defend another," and that the instruction was "confusing and misleading." (Resp't's Ex. 9 at 31-36). In a supplemental petition filed by his counsel, the Petitioner identified numerous claims including "failure to include battery instruction to jury" and "errors with jury instructions," without any factual basis or legal analysis to support the claims. (Resp't's Ex. 10) Limited testimony and argument was presented during the evidentiary hearing in relation to the self-defense instruction presented at trial. (Resp't's Ex. 11 at 52-54, 57, 60, 72). However, no reference was made concerning the veracity of the instruction on second degree murder during the hearing. Finally, in his Memorandum in support of Petitioner's Request for Habeas Relief submitted by counsel, the Petitioner alleged that his trial counsel was ineffective by failing to include a jury instruction on battery, and that there were "constructional violations" in the jury instruction on self-defense.

> For the first time the Petitioner alleges in Ground Six of this Petition that his second degree murder instruction was deficient because the trial court "did not provide a definition for 'willful' which is the essential element of murder in the Second Degree." (ECF No. 2 at 21).

(ECF No. 14 at 11-12). Consequently, the respondent contends that Ground Six is unexhausted. (*Id.* at 12).

Although the petitioner was charged with first degree murder, the jury was, or should have been, instructed on any lesser included offenses that could be supported by the evidence. The petitioner's Reply states that the jury was instructed on the elements

of second degree murder, but he maintains that the instruction improperly omitted the term "willfully." (ECF No. 15 at 12).

His Reply further contends "[t]he trial court did not instruct the jury that the element which distinguishes willful, deliberate, and premeditated murder from murder in the second degree is the specific intention to take a life" and that "in the absence of an instruction defining "willful,' as an element of the crime of murder in the second degree, the jury in this case did not find evidence beyond a reasonable doubt of all of the elements of the crime alleged in the indictment." (*Id.* at 12-13). The Reply further contends that this court should find that his claim of instructional error "has been implicitly reviewed and rejected by the Supreme Court" when it affirmed the circuit court's judgments in his direct and habeas appeals. (*Id.* at 15).

A review of the record before this court indicates that the petitioner did not raise this specific claim in his direct appeal or in his state habeas proceedings, including the habeas appeal. Thus, the undersigned proposes that the presiding District Judge **FIND** that the petitioner has failed to properly exhaust Ground Six of his section 2254 petition.

## *No basis for stay and abeyance*

In summary, because Grounds Three and Six and sub-parts (A), (C) and (G) of Ground Five are unexhausted, the petitioner's section 2254 petition is a "mixed" petition and is subject to dismissal in its entirety. *Rose v. Lundy*, 455 U.S. 509 (1982). However, in *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that a district court has discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims to the state courts, and then to return to federal court for review of his perfected petition. The respondent has suggested that this court could stay this matter to allow the petitioner to return to state court to attempt to exhaust his unexhausted claims. (ECF No. 14 at 9).

One factor weighing in favor of a stay and abeyance is that dismissal of the petitioner's petition in its entirety will likely result in <u>all</u> of the petitioner's claims (exhausted or not) being time barred.  On April 24, 1996, Congress imposed a one-year limitation for filing of federal habeas corpus petitions, which is contained in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).  Because the petitioner was convicted after the enactment of these provisions, his petition is subject to these requirements.

By the undersigned's calculation, the one-year statute of limitations in this matter expired on or about August 3, 2015.[4]

---

[4]  The petitioner's judgment became final on or about April 12, 2006, when the 90-day period in which he could have filed a petition for a writ of certiorari in the Supreme Court.  Thus, the statute of limitations began to run on April 13, 2006, and ran until November 16, 2006, when the petitioner filed his initial state habeas petition in the circuit court.  By the undersigned's calculation, 218 days had passed under the statute

However, the *Rhines* Court further held that "stay and abeyance is only appropriate when the district court determines that there was good cause for the petitioner's failure to exhaust his claims first in the state court." 544 U.S. at 277. In the instant case, the petitioner had a direct appeal, followed by a full round of collateral review in his state habeas proceedings. At the circuit court level, the petitioner and Mr. Hoosier completed his *Losh* checklist on the record during his evidentiary hearing and the petitioner had the opportunity to present evidence in support of all of those claims during the hearing and in written submissions thereafter. The petitioner's unexhausted claims either were not raised at all at the circuit court level or were raised in the circuit court, but were not raised in the appeal thereafter.

Under W. Va. Code § 53-4A-1(c), "there is a rebuttable presumption that [a] petitioner intelligently and knowingly waived any contention or ground in fact or law relied on in support of his petition for habeas corpus which he could have advanced on . . . appeal but which he failed to so advance." *Losh*, 277 S.E.2d at 610 (quoting *Ford v. Coiner*, 196 S.E.2d 91, 92 (1972)). "The burden of proof rests on [the] petitioner to rebut the presumption that he intelligently and knowingly waived any contention or ground for relief which theretofore could have been advanced on . . . appeal." *Ford*, 196 S.E.2d at 92; *See also Boothe v. Ballard*, No. 2:14-cv-25165, 2016 WL 1275054, *44 (S.D. W. Va., Mar. 31, 2016). The petitioner has not presently rebutted the presumption of waiver under W. Va. Code § 53-4A-1(c).

---

at that time. The statute of limitations was then tolled until March 11, 2015, when the SCAWV issued its Mandate affirming the judgment of the circuit court in the petitioner's habeas appeal. The statute then began to run again and expired 147 days later on or about August 6, 2015. Although the petitioner filed his section 2254 petition on June 12, 2015 (thus rendering his exhausted claims timely filed), the statute continued to run as to his unexhausted claims. *See Duncan v. Walker*, 533 U.S. 167 (2001). Accordingly, without a stay and abeyance, the dismissal of the petitioner's section 2254 petition in its entirety would render <u>all</u> of his claims untimely were he to try to re-file them in this court.

In the instant matter, the petitioner has not offered any basis for a finding of good cause for his failure to exhaust all of these claims in his state proceedings.  Thus, there is no justification for a stay of these proceedings to enable the petitioner to return to state court to attempt to address his unexhausted grounds, which have potentially been waived under state procedural rules.[5]

### FINDINGS AND RECOMMENDATION

The undersigned proposes that the presiding District Judge **FIND** that Grounds One, Two, and sub-parts (B), (E) and (F) of Ground Five are properly exhausted.  The undersigned further proposes that the presiding District Judge **FIND** that Ground Three, sub-parts (A), (C) and (G) of Ground Five, and Ground Six are unexhausted.  The undersigned further proposes that the presiding District Judge **FIND** that Ground Four and subpart (D) of Ground Five are unexhausted, but also lack merit and should be dismissed pursuant to 28 U.S.C. § 2254(b)(2).  The undersigned further proposes that the presiding District Judge **FIND** that Petitioner has not demonstrated any good cause for his failure to first present the unexhausted claims in the state courts and, thus, a stay and abeyance is not appropriate in this matter.

---

[5]    A petitioner who seeks habeas corpus relief on an issue after he has failed to appropriately raise that issue in the state courts generally has no further means of addressing the issue in the state tribunals, and may be foreclosed from pursuing relief on such claims in the federal courts.  This judicially created concept is known as "procedural default."  *See Smith v. Murray*, 477 U.S. 527 (1986); *see also Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998).  Procedural default is an adequate and independent state law ground for dismissal by a federal court.  *See Cone v. Bell*, 556 U.S. 449, 465 (2009); *Bostick v. Stevenson*, 589 F.3d 160, 164 (4th Cir. 2009).  "A rule is adequate if it is regularly or consistently applied by the state court . . . and is independent if it does not depend on a federal constitutional ruling."  *Hedrick v. True*, 443 F.3d 342, 359 (4th Cir. 2006).

Although the procedural default doctrine was mentioned by the respondent in a footnote in his Memorandum of Law (ECF No. 14 at 8-9 n.3), the respondent does not specifically rely upon that doctrine in his arguments for dismissal of the petitioner's unexhausted grounds for relief.  Furthermore, this court cannot say with certainty that the state courts would decline to review any additional claims were the petitioner to attempt to file another state habeas petition.  Accordingly, while the record suggests that any further attempts at exhaustion could be futile, the undersigned finds it improper to address procedural default *sua sponte*.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the respondent's Motion to Dismiss for Failure to Exhaust State Court Remedies (ECF No. 13) and **DISMISS** the petitioner's section 2254 petition, without prejudice. **If, however, the petitioner wishes to sever the unexhausted claims and pursue relief only on the exhausted claims contained in Grounds One, Two, and sub-parts (B), (E) and (F) of Ground Five, he should so advise the presiding District Judge in writing during the objection period discussed below.[6]**

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the district court and a waiver of appellate review by the circuit court of appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474

---

[6] As mentioned *supra*, this route may be the only way that the petitioner can obtain review of his exhausted claims by this court. However, the petitioner is **NOTIFIED** that, by doing so, he is essentially giving up the right to ever pursue federal habeas corpus relief on the unexhausted claims (assuming they are not procedurally defaulted), because only in very rare circumstances may a state prisoner file a second or successive section 2254 petition. *See* 28 U.S.C. §§ 2244(b)(2), 2244(b)(3).

U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on the opposing party and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Petitioner, and to transmit it to counsel of record.

February 13, 2017

Dwane L. Tinsley
United States Magistrate Judge