```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

JEFFREY WAYNE STEWART,

      Petitioner,

v.                                    Civil Action No. 15-7650

DAVID BALLARD,
Warden,

      Respondent.

## MEMORANDUM OPINION AND ORDER

Pending are the objections filed on February 27, 2017, by petitioner Jeffrey Wayne Stewart to Magistrate Judge Dwane L. Tinsley's Proposed Findings and Recommendation ("PF&R"), entered February 13, 2017, and respondent's Motion to Dismiss for Failure to Exhaust, filed July 29, 2016 (ECF No. 13).

I.

Petitioner, an inmate at the Mount Olive Correctional Complex in Mount Olive, West Virginia, was convicted in 2004 on two counts of second-degree murder in Braxton County, West Virginia. After the Supreme Court of Appeals of West Virginia refused his direct appeal on January 11, 2006, he filed a petition for habeas corpus in West Virginia state circuit court on November 16, 2006. As detailed further in Judge Tinsley's PF&R, petitioner subsequently amended or supplemented that

petition three times.  The Nicholas County Circuit Court denied the amended petition on February 27, 2014, and the supreme court denied his appeal on February 9, 2015.

Petitioner Stewart filed this federal Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 on June 12, 2015.  He alleged six grounds (the fifth of which is ineffective assistance of counsel on seven grounds) for issuing a writ of habeas corpus, as elaborated in the PF&R.  The magistrate judge entered an order on April 7, 2016, directing respondent David Ballard, Warden at the Mount Olive Correctional Complex, to file an answer or other responsive pleading, and Warden Ballard filed an answer on July 29, 2016.  Also on July 29, 2016, Ballard filed a Motion to Dismiss Petition for Failure to Exhaust, and Plaintiff filed a reply to that motion on August 15, 2016.

In his PF&R, Judge Tinsley found that the following grounds alleged by petitioner were not exhausted in petitioner's state court proceedings – whether his direct appeal to the supreme court or his state habeas petition:[1]

---

[1] The PF&R also found that Grounds 4 and 5(D) should be dismissed on the merits, as discussed further in notes 3 and 5 below.

> Ground 3. The state court denied the petitioner due process of law as secured by the Fifth, Eighth and Fourteenth Amendments to the Constitution when the Circuit Court imposed a forty (40) year sentence upon the petitioner for the homicide of Travis Painter.
>
> Ground 5: Ineffective assistance of Counsel as follows:
>
>> Ground 5(A): Ineffective assistance of counsel because counsel should have requested co-counsel inasmuch as it was his first murder trial and because he was distracted by the issue of his son's health problems.
>>
>> Ground 5(C): Ineffective assistance of counsel because counsel failed to request a voluntary manslaughter instruction (based on mutual combat).
>>
>> Ground 5(G): Ineffective assistance of counsel because counsel failed to object to consecutive 40 year sentences when there were factors about the victims that warranted a disparity in sentencing; sentences were disproportionate to the crimes.
>
> Ground 6: The petitioner was denied a fair and impartial jury trial as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the Constitution when the jury was not instructed on an essential element of Murder in the Second Degree.

PF&R 6-7.

Judge Tinsley noted that a "mixed petition" with both exhausted and unexhausted claims may be dismissed in its entirety, although United States Supreme Court precedent permits a court to issue a stay of a mixed petition for good cause in order to allow a petitioner to

3

return to state court to exhaust any unexhausted claims. Rhines v. Weber, 544 U.S. 269, 277 (2005). Judge Tinsley recommended that this court grant respondent's motion to dismiss and deny the petition in toto because petitioner has not shown good cause for his failure to exhaust his claims in state court. Judge Tinsley noted he made his recommendation despite the fact that the statute of limitations has by this time already run on petitioner's federal habeas claims, such that petitioner would not be able to reassert those claims in this court after exhausting them in state court. However, Judge Tinsley would give petitioner the option of dismissing the unexhausted claims so that he could continue with the exhausted claims not otherwise dismissed herein. Petitioner timely filed his objections to the PF&R.

II.

Under Federal Rule of Civil Procedure 72(b), "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). A district judge "must determine de novo any part of the magistrate judge's

disposition that has been properly objected to." Id. In particular, "a general objection . . . is insufficient to avoid waiver." Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003) (noting also that "other circuits have held that the failure to raise an objection sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute waives any appellate review" (quotation marks omitted)). See also Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508–09 (6th Cir. 1991); Lockert v. Faulkner, 843 F.2d 1015, 1019 (7th Cir. 1988). "The burden of proving that a claim is exhausted lies with the habeas petitioner." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).

Petitioner objects to the PF&R's characterization of the putatively unexhausted grounds. With respect to Ground 3 (improper forty-year sentence), he argues that, because the supreme court upheld his conviction and sentence on direct appeal, the state court "implicitly approved" the sentence, thereby exhausting the state habeas claim. Pet.'s Objs. to PF&R 3 (hereinafter "Objs."). West Virginia law, however, requires that a petitioner in habeas specifically advance his own claims for exhaustion

purposes. See Losh v. McKenzie, 166 W. Va. 762, 767, 277 S.E.2d 606, 610 (1981) ("[T]here is a rebuttable presumption that petitioner intelligently and knowingly waived any contention or ground in fact or law relied on in support of his petition for habeas corpus which he could have advanced on direct appeal but which he failed to so advance."). The mere assertion that the supreme court implicitly approved petitioner's sentence fails to demonstrate that he explicitly advanced Ground 3 for exhaustion purposes. Moreover, the state habeas petition must have "fairly present[ed] the substance of his claim" to the state courts. Breard, 134 F.3d at 619. Yet, it does not appear from the circuit court record that petitioner contested the nature or length of his sentence in any of his state habeas proceedings. See Resp't's Mem. in Supp. of Mot. to Dismiss Ex. 1 at 5-11 (ECF No. 14-1) (hereinafter "State Circuit Op."). Petitioner does not protest this record by pointing to particular occasions on which he raised this ground, and consequently, the court adopts Judge Tinsley's finding that it remains unexhausted.[2]

---

[2] The fact that Ground 3 has not been exhausted is itself sufficient reason to deem Stewart's petition as "mixed" and to apply the analysis required for mixed petitions. The court

With respect to Ground 5 (ineffective assistance of counsel), Judge Tinsley found that three of the underlying bases for ineffective assistance – Grounds 5(A), 5(C), and 5(G) – remain unexhausted.³ Petitioner's only objection to the PF&R's finding regarding Ground 5(A) is that "[i]n the state court proceedings, Judge Johnston [sic, Johnson] concluded that petitioner failed to prove that Mr. Callaghan's assistance was not deficient [sic] or ineffective."⁴ Objs. 7. Petitioner refers to the circuit court's conclusions on his state habeas corpus petition. See State Circuit Op. Although the state court did find that petitioner had failed to demonstrate an ineffective

---

proceeds to address the magistrate judge's remaining findings on exhaustion for the sake of completeness.

³ Judge Tinsley also found that Ground 5(D) should be dismissed on the merits. Ground 5(D) asserts ineffective assistance because petitioner was "denied objective evaluation of counsel's performance at trial because the same counsel represented him on appeal." PF&R 7. Judge Tinsley aptly reasoned that while it is true that an attorney who handled trial is unlikely to raise ineffective assistance on direct appeal, petitioner had adequate opportunity to present his ineffective assistance claims in his collateral state habeas proceedings. Petitioner states that he objects to this finding, Objs. 12, but the court can discern no rationale for doing so and, consequently, adopts the PF&R's recommendation that Ground 5(D) be dismissed on the merits.

⁴ Because "not deficient" and "ineffective" are antonyms, the court notes that the most natural reading of the phrase "was not deficient or ineffective" is that it is a typographical error that should read "was deficient or ineffective."

assistance claim, it specifically enumerated the grounds stated by petitioner for such a claim. Id. 10. In a list of twelve grounds for ineffective assistance, nowhere had petitioner raised a concern about counsel not having requested co-counsel because of counsel's inexperience or personal distractions. Consequently, petitioner has not raised a proper objection such that the court needs to engage in de novo review of Ground 5(A). The court adopts the PF&R's finding that Ground 5(A) has not been exhausted.

With respect to Ground 5(C) (no involuntary manslaughter instruction), petitioner focuses on the merits of his claim for ineffective assistance rather than the magistrate judge's finding that he has not exhausted it. He states that he "specifically objects" to this finding, Objs. 10, but nowhere gives any reasons for doing so. Consequently, petitioner has not raised a proper objection such that the court needs to engage in de novo review of Ground 5(C). The court adopts the PF&R's finding that Ground 5(C) has not been exhausted.

With respect to Ground 5(G) (failure to object to consecutive forty-year sentences), petitioner again focuses on the merits of his claim for ineffective assistance

rather than the magistrate judge's finding that he has not exhausted it. He requests that the court issue a stay and abeyance pending adjudication of this claim by the supreme court. Objs. 14. Nowhere, however, does he raise any specific objections to the magistrate judge's finding. Consequently, petitioner has not raised a proper objection such that the court needs to engage in de novo review of Ground 5(G). The court adopts the PF&R's finding that Ground 5(G) has not been exhausted.

With respect to Ground 6 (jury not instructed on essential element of second-degree murder), petitioner argues that he "has fairly presented and articulated the federal constitutional basis and has afforded the state's highest court multiple opportunities to vacate the flawed and arbitrary convictions." Objs. 15. He contends that "[t]he exhaustion doctrine does not require that a petitioner frame a claim in precisely the same matter [sic] in which it was set forth in the state court pleadings." Id. 15 (citing Picard v. Connor, 404 U.S. 270, 277 (1971)). He therefore requests that the court find that "there is a similarity between the claim advanced in the state proceedings and the claim asserted in the federal

petition." Id.

Petitioner's argument, however, is unavailing. Picard stands only for the proposition that a petitioner's claims must be "brought to the attention of the state courts." 404 U.S. at 277. Judge Tinsley properly found that the petitioner did not raise a constitutional claim regarding the second-degree murder instructions in his state court petition. PF&R 17-18. Petitioner adverts generally to "a similarity" between the claims in the state and federal petitions, but proffers no specific reason for finding, contrary to the magistrate judge's recommendation, that Ground 6 has not been exhausted. Consequently, petitioner has not raised a proper objection such that the court needs to engage in de novo review of Ground 6. The court adopts the PF&R's finding that Ground 6 has not been exhausted.[5]

---

[5] The PF&R also found that Ground 4 should be dismissed on the merits. Ground 4 asserts that petitioner was effectively denied his right to habeas corpus appellate review when the supreme court tribunal that ruled on his petition for habeas corpus appeal included Chief Justice Margaret L. Workman, who had previously served as his co-defendant's appellate attorney. PF&R 7. Judge Tinsley correctly noted that "claims alleging violations or errors in state habeas corpus proceedings are not cognizable in federal habeas corpus proceedings." Id. 12. Cf. Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008) ("[E]ven

III.

Having found that petitioner has not raised specific and proper objections to Judge Tinsley's non-exhaustion findings, the court concludes that this petition is a "mixed petition" comprising both exhausted and unexhausted state habeas claims. As noted by Judge Tinsley, a district court has discretion either to deny a mixed petition outright or to stay the petition pending exhaustion of any unexhausted claims in state court. In

---

where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself.").

 Petitioner objects that certain Supreme Court cases suggest that state habeas proceedings are reviewable in federal habeas proceedings. PF&R 5. The cases to which he cites, however, do not provide for federal habeas review of infirmities in state habeas proceedings. See Ford v. Wainwright, 477 U.S. 399 (1986) (applying the Eighth Amendment to prohibit execution of the mentally disabled and analyzing only the merits proceedings of the state court, not habeas proceedings); Herrera v. Collins, 506 U.S. 390 (1993) (holding that petitioner's claim of actual innocence based not on state habeas proceedings but on new evidence was not cognizable in federal habeas proceedings); Heck v. Humphrey, 512 U.S. 477 (1994) (analyzing only the requirements for a 28 U.S.C. § 1983 petition in state court, not a habeas petition). Consequently, petitioner has not raised a proper objection to the PF&R's finding, and the court adopts Judge Tinsley's recommendation that Ground 4 be dismissed on the merits.

particular, the Supreme Court has held that a

> stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.

Rhines, 544 U.S. at 277. As the PF&R advises, the statute of limitations has now expired on petitioner's claims for purposes of § 2254 review. PF&R 20 n.4.[6] Consequently, if the court dismisses Stewart's petition, he will not be able to refile even after he exhausts any remaining claims in state court.

While Judge Tinsley acknowledged this consideration, he also noted the Rhines requirement that a

---

[6] The one-year statute of limitations initially ran from the date of expiration of the period during which he could have petitioned the United States Supreme Court regarding his direct appeal (April 12, 2006) until the date of his state habeas petition (November 16, 2006), totaling 218 days. After being tolled during his state proceedings, the statute began to run again from the date of the Supreme Court of Appeals of West Virginia's affirmance of the state habeas petition denial (February 9, 2015) to August 5, 2015, at which point it expired. Although this petition was filed on June 12, 2015, the statute of limitations continues to run on unexhausted state claims even while a federal petition is in process, such that petitioner could not now bring a second federal petition once his remaining claims are exhausted. See Duncan v. Walker, 533 U.S. 167, 180 (2001).

stay be granted only for "good cause."  544 U.S. at 277. He found that "petitioner has not offered any basis for a finding of good cause for his failure to exhaust all of these claims in his state proceedings." PF&R 21.  In his objections, petitioner responds as follows:

> . . . [P]etitioner filed an application for post-conviction relief on November 13, 2006, by filing a pro se petition for a writ of habeas corpus in the Circuit Court of Randolph County (Civil Action 06-C-238).  The Circuit Court of Nicholas County [to which the case was transferred] subsequently appointed four (4) attorneys in succession to perfect a petition for habeas corpus relief (R.& R., p. 4).  After a habeas hearing, the Circuit Court denied the petition.  The Court may have advised petitioner and Mr. Hoosier that they were obligated to raise all grounds for post-conviction relief in one proceeding.  However, petitioner cannot waive grounds that were not identified by Mr. Hoosier or of which he was unaware at the time the Losh list[7] was exhausted.  This Court, if it concludes that state remedies with regard to any challenged claim in the petition have not been properly exhausted, should hold the petition [in] abeyance.
>
> . . . [While in jail, petitioner's] access to legal assistance, relevant judicial decisions and research material was extremely limited.
>
> . . . .
>
> . . . Petitioner request[s] the Court to grant petitioner a stay and abey the federal court proceedings if this Honorable Court concurs with the Magistrate Judge's findings on exhaustion of state

---

[7] The "Losh list" refers to the list of grounds for habeas corpus that a petitioner and counsel raise (or waive) during an evidentiary hearing in a habeas case.  See Losh, 166 W. Va. at 766-67, 277 S.E.2d at 610.

13

>     remedies.

Objs. 16-18.

Though the court recognizes the limited legal resources generally available to inmates, the petitioner was represented by counsel through the state supreme court's denial of his habeas petition.  If the court were to find good cause based on such a common circumstance, nearly any inmate with limited access to a library could show good cause for a stay.  The court is not inclined, on so thin a reed, to frustrate federal habeas law's objective of encouraging finality.  <u>See, e.g.</u>, <u>Rhines</u>, 544 U.S. at 277.  Consequently, the court will not grant a stay and abeyance.

However, "if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief."  <u>Rhines</u>, 544 U.S. at 278.  Judge Tinsley's PF&R instructed petitioner in bold type that if "petitioner wishes to sever the unexhausted claims

and pursue relief only on the exhausted claims contained in Grounds One, Two, and sub-parts (B), (E) and (F) of Ground Five, he should so advise the presiding District Judge in writing during the objection period discussed below." PF&R 22. Petitioner appears not to have embraced this opportunity.

Having found no justification to stay petitioner's claims, the court hereby instructs petitioner a final time that <u>if he desires to continue to pursue any of his fully exhausted claims in this court, he must notify the court within 30 days that he intends to sever his unexhausted claims and proceed only on his exhausted claims</u>. If petitioner does not notify the court of his decision to pursue only exhausted claims, his petition will be dismissed with prejudice. Accordingly, the court will at this juncture defer entry of a ruling on respondent's motion to dismiss pending the 30-day period within which petitioner may express his intent to pursue only his exhausted claims further.

IV.

For the foregoing reasons, the court ORDERS as follows:

1. That the PF&R be, and it hereby is, adopted and incorporated herein;

2. That Grounds 4 and 5(D) of the petition be, and they hereby are, dismissed;

3. That petitioner is instructed to file any request to sever his unexhausted claims and proceed with only his exhausted claims WITHIN 30 DAYS; and

4. That a ruling on respondent's Motion to Dismiss be, and it hereby is, deferred accordingly.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and the United States Magistrate Judge.

DATED: April 7, 2017

John T. Copenhaver, Jr.
United States District Judge