```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**JEFFREY WAYNE STEWART,**

    Petitioner,

v.                             Case No. 2:15-cv-07650

**RALPH TERRY, Warden,**
Mount Olive Correctional Complex,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed June 12, 2015.

This action was previously referred to United States Magistrate Judge Dwayne L. Tinsley who, on July 31, 2018, submitted his Proposed Findings and Recommendation ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). Following an extension of time granted by the court, petitioner timely filed objections to the PF&R on August 23, 2018.

Petitioner's first objection is that his prison sentence violates the Fifth, Eighth, and Fourteenth Amendments because his co-defendant, Bush, pled guilty to voluntary manslaughter and received a reduced sentence. Obj. to PF&R 3. Insofar as the state court based petitioner's guilt on a

concerted action theory, petitioner asserts that he cannot serve a greater prison sentence than Bush. Obj. to PF&R 3. Specifically, he contends that if he in fact acted in concert with defendant Bush, petitioner was either a principal in the first degree or a principal in the second degree and should not receive a greater prison sentence than Bush. Id.

This objection is without merit. A co-defendant's plea deal has little bearing on the other defendant's punishment. As long as the State establishes the elements necessary to convict the defendant of the crime charged against him beyond a reasonable doubt, an appropriate prison sentence as punishment for that crime may be imposed. As the magistrate judge thoroughly explained in his PF&R, the prosecution has presented sufficient evidence to convict petitioner of two counts of second degree murder. PF&R 15. Unlike his co-defendant, Bush, petitioner did not enter into a plea agreement, nor was he charged with voluntary manslaughter. He was charged with second degree murder and the jury found him guilty of that crime under a concerted action theory. PF&R 16. Accordingly, the petitioner's prison sentence does not violate any of his proffered constitutional rights.

Second, petitioner asserts that the prosecution "failed to present proof that petitioner inflicted the single

small caliber gunshot wound to Mr. Painter's head which was <u>immediately fatal</u>," and "[i]f, as Dr. Sabet testified, the gunshot wound to [the victim's] head was <u>immediately fatal</u>, any subsequent injury to Mr. Painter's body is unfortunate and gratuitous but not evidence of a homicide."  Obj. to PF&R at 4, 5 (emphasis in original).  This objection is adequately addressed and correctly resolved by the magistrate judge, who recognized that "petitioner is asserting that because the evidence demonstrates that he did not fire the fatal shot that immediately killed Painter, there is insufficient evidence to support his conviction of second degree murder with respect to Painter's death." See PF&R 16.

As discussed by the magistrate judge, the State's theory was that the defendants acted in concert, which does not require that petitioner be the individual who fatally shot Painter in order to be found culpable for his death.  Id. Under the "concerted action" theory, it is not "necessary for a defendant to do any particular act constituting at least part of a crime in order to be convicted," as long as the defendant is "at the scene of the crime" and evidence is "sufficient to show he is acting together with another who does the acts necessary to constitute the crime pursuant to a common plan or purpose." State v. Joyner, 255 S.E.2d 390, 395 (1979).  A "defendant who

3

is present at the scene of the crime and, by acting with another, contributes to the criminal act, is criminally liable for such offense as if he were the sole perpetrator." State v. Fortner, 387 S.E.2d 812, 825 (W. Va. 1989). Notably, the concerted action principle does not require the defendant to have premeditated the homicide in order to be convicted of second degree murder.

As the magistrate judge noted, the jury was properly instructed as follows on the issue:

> [I]t is not necessary that Jeffrey Wayne Stewart do any particular act constituting any element of the crime of murder in order to be found guilty under the concerted-action principle so long as he is present at the scene of the crime and the evidence is sufficient to prove, beyond a reasonable doubt, that the defendant shared criminal intent and acted together with Matthew Wayne Bush or Eric Allan Foster, or anyone who did the acts necessary to constitute the crime, pursuant to a common plan or purpose to commit the crime. PF&R 18.

This instruction correctly stated the law with respect to the concerted action theory of culpability, and was supported by the evidence, insofar as the petitioner admitted to his presence at the scene of the crime, admitted that he fired a shot from a 16 gauge shotgun at both Murphy and Painter, and that the wounds inflicted by petitioner's shotgun "would have proven fatal without treatment." PF&R 19. This evidence, together with the testimony indicating that the three defendants

approached Murphy's property to settle matters after a previous altercation, was sufficient for a reasonable jury to find that petitioner, acting in concert with his co-defendants, committed second degree murder with respect to Painter.  <u>See</u> PF&R 19.

Finally, petitioner's argument that plea negotiations between the prosecution and co-defendant Foster indicate that "the prosecuting attorney, based on the available evidence, believed Mr. Foster was more culpable in the death of Travis Painter" is purely speculative and irrelevant to petitioner's conviction.  Obj. to PF&R 5.

The magistrate judge has thoroughly analyzed and correctly resolved all issues presented in the petitioner's Section 2254 petition.  It is, accordingly, ORDERED as follows:

1. That the PF&R be, and hereby is, adopted by the court and incorporated herein.

2. Respondent's motion for summary judgment is granted.

3. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is hereby denied.

4. This action be, and hereby is, dismissed and stricken from the docket.

Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), petitioner must file any appeal within 30 days after entry of the Judgment in this action.  The failure within that period to file with the Clerk of this court a notice of appeal of the judgment will render this memorandum opinion and order and the Judgment final and unappealable.

The Clerk is directed to forward copies of this written opinion and order to the pro se petitioner, all counsel of the record, and the United States Magistrate Judge.

DATED: September 12, 2018

John T. Copenhaver, Jr.
United States District Judge